UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-10030-CIV-MARTINEZ/AOR

PAMELA and STUART KESSLER, H/W,

    *Pro se* Plaintiffs,

v.

CITY OF KEY WEST, a Florida Municipality,
*et al.*,

    Defendants.
_____ /

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants City of Key West ("City") and Ronald Ramsingh, George Wallace, James K. Scholl, Greg Veliz, Jim Young, Doug Bradshaw, Karen M. Olson, and Mark Tait's (collectively, "Individual City Defendants") (together, "City Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint (hereafter, "Motion to Dismiss") [D.E. 58]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 8]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Dismiss be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 25, 2019, *pro se* Plaintiffs Pamela Kessler ("Mrs. Kessler") and Stuart Kessler ("Mr. Kessler") (together, "Plaintiffs" or the "Kesslers") filed their initial Complaint against the City Defendants [D.E.1]. The case concerns the docking of Plaintiffs' floating home (or liveaboard vessel) at the City's Marina at Garrison Bight ("Garrison Bight Marina"); and the City Defendants' actions with respect to Slip 16 Sailfish Pier, where the liveaboard vessel was docked (hereafter, "Garrison Bight Slip"). Id. at 2–7. Specifically, Plaintiffs alleged that the City Defendants:

wrongfully commenced a code violation proceeding and an eviction proceeding against them; caused Plaintiffs' liveaboard vessel to sink in the aftermath of Hurricane Irma; and thereafter, wrongfully terminated Plaintiffs' lease agreement with the City pursuant to which Plaintiffs had docked their liveaboard vessel at the Garrison Bight Slip for 14 years ("Lease Agreement"), and wrongfully removed the remainder of Plaintiffs' personal property from the Garrison Bight Slip. Id. at 2–7, 13–18.

Plaintiffs also filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Sanctions against the City Defendants (hereafter, "Motion for Injunctive Relief") [D.E. 3]. On April 8, 2019, the undersigned held an evidentiary hearing on the Motion for Injunctive Relief [D.E. 21]. At the evidentiary hearing, Plaintiffs advised the undersigned that they were only seeking injunctive relief against the City Defendants with respect to Counts 1, 4, and 7 of the Complaint. See Report and Recommendation [D.E. 22 at 2]. Following the evidentiary hearing, the Motion for Injunctive Relief was denied because, *inter alia*, Plaintiffs were unable to demonstrate a substantial likelihood of success on the merits as to the aforementioned Counts. Id. at 8–9; see also Order Adopting Magistrate Judge's Report and Recommendation [D.E. 31].

On May 13, 2019, Plaintiffs filed their First Amended Complaint (hereafter, "Amended Complaint") [D.E. 26]. The allegations and causes of action in Plaintiffs' Amended Complaint were substantially similar to those found in their initial Complaint, with additional allegations that the City Defendants, following the termination of the Lease Agreement, wrongfully shut down Plaintiffs' utility accounts for the Garrison Bight Slip and wrongfully moved another liveaboard vessel into the Garrison Bight Slip. Compare Am. Compl. [D.E. 26] with Compl. [D.E. 1].

On May 28, 2019, the City Defendants moved to dismiss Plaintiffs' Amended Complaint for failure to state a federal claim upon which relief could be granted. See Mot. to Dismiss Am.

2

Compl. [D.E. 27 at 1]. On March 17, 2020, the Court granted the City Defendants' Motion to Dismiss Amended Complaint and granted Plaintiffs "one final opportunity to cure the deficiencies in their Amended Complaint . . . ." See Order Adopting Magistrate Judge's Report and Recommendation [D.E. 47 at 4–5].

On May 4, 2020, Plaintiffs filed their eleven-count Second Amended Complaint [D.E. 51]. The allegations and causes of action in Plaintiffs' Second Amended Complaint are substantially similar to those found in their Amended Complaint. Compare Sec. Am. Compl. [D.E. 51] with Am. Compl. [D.E. 26].[1] Additionally, in their Second Amended Complaint, Plaintiffs incorporated by reference Exhibits 1–8 to their initial Complaint. See Sec. Am. Compl. [D.E. 51 at 3]. As a result, those documents are relevant to the City Defendants' Motion to Dismiss. See Done v. HSBC Bank USA, No. 09-CV-4878, 2010 WL 3824142, at *2 (E.D.N.Y. 2010) ("In reviewing a motion to dismiss, a court may consider, *inter alia*, (1) documents that are incorporated by reference into the complaint, and (2) documents that, even if not incorporated by reference, the defendant has notice of and that are 'integral' to the complaint.").

In their Motion to Dismiss, the City Defendants seek dismissal of the following Counts in the Second Amended Complaint:

- Count 1 – Request for Permanent Injunction and/or Specific Performance, against the City;

- Count 2 – Violation of Procedural Due Process Related to Eviction, against the City;

- Count 3 – 42 U.S.C. § 1983 Unconstitutional "Taking[,]" against the City;

- Count 4 – 42 U.S.C. § 1983 Violation of Substantive Due Process, against the City;

- Count 5 – 42 U.S.C. § 1983 Violation of Equal Protection, against the City;

---

[1] As originally filed, the Second Amended Complaint was missing some pages, but they were subsequently filed by way of a Notice of Missing Pages [D.E. 61].

3

- Count 6 - Violation of Procedural Due Process Related to Eviction, against the Individual City Defendants;

- Count 7 - 42 U.S.C. § 1983 Unconstitutional "Taking[,]" against the Individual City Defendants;

- Count 8 - 42 U.S.C. § 1983 Violation of Substantive Due Process, against the Individual City Defendants; and

- Count 9 - 42 U.S.C. § 1983 Violation of Equal Protection, as to the Individual City Defendants.

See Sec. Am. Compl. [D.E. 51 at 17–41]; Mot. to Dismiss [D.E. 58 at 4–7].[2]

## STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In ruling on a [Rule] 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "The Court does not view each fact in isolation . . . but considers the complaint in its entirety." Leader Glob. Sols., LLC v. Tradeco Infraestructura, S.A. DE C.V., 155 F. Supp. 3d 1310, 1315 (S.D. Fla. 2016) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Michel v. NYP Holdings, Inc., 816 F.3d 686, 694 (11th Cir. 2016) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[2] Counts 10 & 11 of the Second Amended Complaint were directed at Defendants Douglas N. Higgins, Inc. and Paul R. Waters, who were dismissed from this action on May 29, 2020 [D.E. 59].

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). While detailed factual allegations are not necessary, "[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 545 (alteration and internal quotation marks omitted) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "[U]nadorned, the-defendant-unlawfully- harmed-me accusation[s]" are insufficient to state a claim for relief. Iqbal, 556 U.S. at 678.

"[P]*ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)). "In evaluating a *pro se* plaintiff's complaint, the Court can examine other pleadings, including responses to motions, to understand the full scope of plaintiff's claim." Jimenez-Tapia v. Santander Bank PR, 257 F. Supp. 3d 193, 196 (D.P.R. 2017); see also Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999). However, "[the] [Court] will not serve as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." Ward v. Select Portfolio Servicing, Inc. (SPS), 690 F. App'x 649, 650 (11th Cir. 2017) (internal quotation marks omitted) (quoting GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds)).

## **DISCUSSION**

The undersigned applies the foregoing standards to each of the counts in the Second Amended Complaint.

### I. Count 1: Request for Permanent Injunction and/or Specific Performance

In Count 1, Plaintiffs attempt to assert claims for permanent injunction and/or specific performance against the City. See Sec. Am. Compl. [D.E. 51 at 17–18]. However, requests for injunctive relief and specific performance are equitable remedies rather than stand-alone causes of action. See Hendershott v. Ostuw, No. 20-CV-80006, 2020 WL 6305105, at *3 (S.D. Fla. 2020) ("Specific performance, however, is a remedy for breach, not a stand-alone cause of action.") (citing Glob. Digital Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A., No. 18-CV-80106, 2019 WL 8323955, at *2 (S.D. Fla. 2019)); Kruse v. Massachusetts Mut. Life Ins. Co., No. 17-CV-61115, 2017 WL 3494334, at *8 (S.D. Fla. 2017) ("As other district courts have recognized, it is not to be overlooked that a claim for specific performance is subject to dismissal because specific performance is a remedy, not a freestanding legal claim.") (internal quotation marks omitted) (quoting Crain v. Chesapeake Appalachia, L.L.C., No. 12-CV-2343, 2013 WL 4419023, at *7 (M.D. Pa. 2013)); Diaz v. Deutsche Bank Nat. Tr. Co., No. 14-CV-22583, 2014 WL 4351411, at *4 (S.D. Fla. 2014) ("Finally, to the extent Plaintiffs seek injunctive relief on these claims, the Court finds the equitable relief sought to be a remedy and not a separate cause of action.") (citing Espinoza v. Countrywide Home Loans Servicing, L.P., No. 14-CV-20756, 2014 WL 3845795, at *7 (S.D. Fla. 2014))

Accordingly, the undersigned finds that Count 1 of the Second Amended Complaint fails to state a claim upon which relief can be granted.

### II. Counts 2–4 and 6–8: Due Process Claims

On December 14, 2016, the City issued a Notice of Administrative Hearing (hereafter, "Hearing Notice"), informing Mr. Kessler that a City Special Magistrate would be conducting an administrative hearing on January 25, 2017 regarding a code violation at the Garrison Bight Slip,

which was the subject of an earlier issued Notice of Code Violation. See Compl. Ex.1 [D.E. 1 at 41–43]; Not. of Missing Pages [D.E. 61 ¶ 16]. The required corrective action for the code violation was to "repair and secure the floating devices of [Plaintiffs' liveaboard vessel]." See Compl. Ex.1 [D.E. 1 at 42]. On January 25, 2017, Plaintiffs removed the Hearing Notice to this Court, under Case No. 17-cv-10013-JLK (hereafter, "Removal Case"). Id. at 40; Not. of Missing Pages [D.E. 61 ¶¶ 22–23]. The Removal Case was dismissed with prejudice on June 30, 2017 for lack of subject matter jurisdiction (hereafter, "Order of Dismissal"). See Compl. Ex. 2 [D.E. 1 at 49–51]; Not. of Missing Pages [D.E. 61 ¶ 24]. Plaintiffs allege that, following entry of the Order of Dismissal, the City filed a Complaint for Eviction (hereafter, "Eviction Complaint") against Plaintiffs in state court, "based solely on the alleged Code Violation that had just been dismissed [in the Removal Case]." See Sec. Am. Compl. [D.E. 51 at 3; ¶ 30].

Ultimately, the City voluntarily dismissed the Eviction Complaint and pursued the termination of the Lease Agreement outside of the judicial process pursuant to the terms of the Lease Agreement. Id. at 5–7; ¶¶ 33–34. The Lease Agreement states: "In the event [the City] otherwise determines not to renew the tenancy, it shall provide [Plaintiffs] both thirty (30) days' notice and the option of a hearing before the Port Advisory Board." See Lease Agreement [D.E. 23-1 at 2–3].[3] However, the City advised Plaintiffs that any hearing they requested would be conducted by the City Manager because the Port Advisory Board had previously been disbanded. See Sec. Am. Compl. [D.E. 51 at 5–6; ¶¶ 34–35]. Plaintiffs allege that they attended the hearing regarding the termination of the Lease Agreement under protest. Id. ¶ 37. Ultimately, the Lease Agreement was terminated. Id. at 17–18. Plaintiffs allege that in September 2018, the City and/or

---

[3] Because the Lease Agreement was incorporated by reference into the Second Amended Complaint, see Sec. Am. Compl. [D.E. 51 at 6; ¶¶ 34, 59, 65, 72, 82, 94, 114, 123, 134, 148], the undersigned may consider same in addressing the Motion to Dismiss. See Done, 2010 WL 3824142, at *2.

Individual City Defendants shut down Plaintiffs' utility accounts for the Garrison Bight Slip, "moved another floating home in the marina into [the Garrison Bight Slip], and removed [Plaintiffs'] remaining personal property from [the Garrison Bight Slip] . . . ." Id. ¶ 42.

Based on these allegations, Plaintiffs claim that: (1) their procedural due process rights were violated; (2) the City Defendants violated the Takings Clause; and (3) their substantive due process rights were violated. Id. at 17–41.

### a. *Counts 2 & 6 – Procedural Due Process*

Plaintiffs allege that their eviction from the Garrison Bight Slip by the City Defendants "without the benefit of judicial process or following the mandatory procedures found in Chapter 83 of the Florida Statutes[,]" which governs residential tenancies, was "a violation of [their] Constitutional procedural due process rights . . . ." Id. ¶¶ 64–70, 105–119.

"Again and again, this Court has repeated the basic rule that a procedural due process claim can exist only if no adequate state remedies are available." Flagship Lake Cty. Dev. No. 5, LLC v. City of Mascotte, Fla., 559 F. App'x 811, 815 (11th Cir. 2014) (citing Reams v. Irvin, 561 F.3d 1258, 1266–67 (11th Cir.2009)). "This rule . . . recognizes the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora—agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (quoting McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994)). "If the plaintiff had adequate state remedies at his disposal and failed to take advantage of them, he cannot claim that the state deprived him of procedural due process." Rudge v. City of Stuart, No. 11-CV-14306, 2012 WL 12950485, at *1 (S.D. Fla. 2012) (citing Cotton, 216 F.3d at 1330–31).

"Under Florida law, a plaintiff may seek compensation for damage caused by the government to both personal and real property through an inverse condemnation action." Lacy v. City of St. Petersburg, Fla., 608 F. App'x 911, 912 n.1 (11th Cir. 2015). Additionally, "certiorari is generally an adequate state remedy." Cotton, 216 F.3d at 1331 (citing McKinney, 20 F.3d at 1563); see also Goodman v. City of Cape Coral, 581 F. App'x 736, 740 (11th Cir. 2014) ("Since the Florida courts possess the power to remedy any [procedural error], [the plaintiff] cannot claim that he was deprived of procedural due process.") (alterations in original) (quoting McKinney, 20 F.3d at 1565).

Because Plaintiff failed to allege that he took advantage of the state remedies at his disposal, or adequately plead how those remedies were inadequate, his procedural due process claims fail. Rudge, 2012 WL 12950485, at *1.

    b. *Counts 3 & 7 – Takings Clause*

Plaintiffs claim that the City Defendants violated the Takings Clause by evicting them from the Garrison Bight Slip "without following the benefit of judicial process or following the mandatory procedures found in Chapter 83 of the Florida Statutes." See Sec. Am. Compl. [D.E. 51 ¶¶ 71–80, 120–130].

The Takings Clause "prohibits governments from seizing private property for public use without providing the property owner just compensation." Oden, LLC v. City of Rome, Georgia, 707 F. App'x 584, 588 (11th Cir. 2017). It "requires payment of just compensation, without qualification, where a regulation 'compel[s] the property owner to suffer a physical invasion of his property,' or 'denies all economically beneficial or productive use of land." Id. (alteration in original) (quoting Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015 (1992)). Like a violation of procedural due process, a claim under the Takings Clause is not actionable in federal court "unless the state provides no remedy to compensate the landowner for the taking." Bickerstaff

9

Clay Prod. Co. v. Harris Cty., Ga. By & Through Bd. of Comm'rs, 89 F.3d 1481, 1490–91 (11th Cir. 1996). "[A] Florida property owner must pursue a reverse condemnation remedy in state court before his federal takings claim will be ripe . . . ." Reahard v. Lee Cty., 30 F.3d 1412, 1417 (11th Cir. 1994) (citing Exec. 100, Inc. v. Martin Cty., 922 F.2d 1536, 1542 (11th Cir. 1991)).

Because Plaintiffs have failed to allege that they have exhausted all remedies at the state level, Plaintiffs also fail to state a cause of action under the Takings Clause. See Bickerstaff Clay Prod. Co., 89 F.3d at 1481.

      c. *Counts 4 & 8 – Substantive Due Process*

Plaintiffs allege that they "had a protected liberty interest in residing in their residence of choice" and that the City Defendants' violated their substantive due process rights by commencing a code violation proceeding and an eviction proceeding against them. See Sec. Am. Compl. [D.E. 51 ¶¶ 81–92, 131–144].

"[T]he substantive component of the Due Process Clause protects those rights that are fundamental, that is, rights that are implicit in the concept of ordered liberty." Kentner v. City of Sanibel, 750 F.3d 1274, 1279 (11th Cir. 2014) (quoting McKinney, 20 F.3d at 1556). "Fundamental rights are those rights created by the Constitution." Kentner, 750 F.3d at 1279 (citing DeKalb Stone, Inc. v. County of DeKalb, Ga., 106 F.3d 956, 959 n.6 (11th Cir.1997)). Because state-created property interests are not created by the Constitution, "there is generally no substantive due process protection for state-created property rights." Kentner, 750 F.3d at 1279 (citing Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002); see also Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .").

However, there is an exception to the "general rule that there are no substantive due process claims for non-fundamental rights." Kentner, 750 F.3d at 1279. The exception is applicable when an individual's state-created rights are infringed by a legislative act. Kentner, 750 F.3d at 1279-80. Generally, legislative acts apply to a large segment, if not all, of society. Id. at 1280 (citing McKinney, 20 F.3d at 1557 n.9). Examples of legislative acts include laws and regulations. Kentner, 750 F.3d at 1280 (quoting McKinney, 20 F.3d at 1557 n.9). Alternatively, executive acts, for which substantive due process rights are not afforded, "arise from the ministerial or administrative activities of the executive branch and characteristically apply to a limited number of people, often only to one." Kentner, 750 F.3d at 1280 (quoting McKinney, 20 F.3d at 1557 n.9).

Because Plaintiffs' alleged property interests were created by state law, substantive due process is only applicable if the City Defendants' actions were legislative rather than executive. See Kentner, 750 F.3d at 1279; Roth, 408 U.S. at 577. As pled, Plaintiffs contest the City Defendants' application and administration of rules and regulations with respect to the commencement of a code violation proceeding and an eviction proceeding against them. Because the application and administration of rules and regulations are executive actions, the legislative act exception is not applicable. Hence, Plaintiffs substantive due process claims also fails. See Hillcrest Prop., LLP v. Pasco Cty., 915 F.3d 1292, 1301–03 (11th Cir. 2019); Eisenberg v. City of Miami Beach, 54 F. Supp. 3d 1312, 1324–27 (S.D. Fla. 2014).

### III. Counts 5 & 9: Equal Protection Claims

As the basis for their equal protection claims against the City Defendants, Plaintiffs allege that the City Defendants "[e]ngaged in the unprecedented and selective enforcement of a Code Enforcement Ordinance" against them and discriminated against them because they are Jewish,

but "did not prosecute or harass the many non-Jewish comparators who were identically or similarly situated[.]"  See Sec. Am. Compl. [D.E. 51 ¶¶ 93–104, 145–57].

"The Eleventh Circuit has recognized that plaintiffs may bring an equal protection claim for the unequal administration of a facially neutral statute, so long as intentional or purposeful discrimination is shown on the part of the state."  Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, Fla., 430 F. Supp. 2d 1296, 1322 (S.D. Fla. 2006) (citing E & T Realty v. Strickland, 830 F.2d 1107, 1112–13 (11th Cir. 1987)).  "To prevail on this traditional type of equal protection claim, basically a selective enforcement claim, Plaintiff must show (1) that it was treated differently from other similarly situated entities, and (2) that Defendant unequally applied a facially neutral ordinance for the purpose of discriminating against Plaintiff."  Hollywood Cmty. Synagogue, Inc., 430 F. Supp. 2d at 1322 (citing Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006)).  "[C]omparators are similarly situated only if they are *prima facie* identical in all relevant respects."  Fla. Carpenters Reg'l Council v. City of Miami Beach, No. 09-22329-CIV, 2009 WL 10699575, at *7 (S.D. Fla. 2009) (internal quotation marks omitted) (quoting Campbell, 434 F.3d at 1314).

Plaintiffs fail to allege how they and their "non-Jewish comparators" are *prima facie* identical in all relevant respects.  Additionally, Plaintiffs fail to plead that the City Defendants' purported selective enforcement of a "Code Enforcement Ordinance" against Plaintiffs was done for the purpose of discriminating against them.  Accordingly, Plaintiffs' equal protection claims fail.  Hollywood Cmty. Synagogue, Inc., 430 F. Supp. 2d at 1322; Fla. Carpenters Reg'l Council, 2009 WL 10699575, at *7.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that the City Defendants' Motion to Dismiss [D.E. 58] be **GRANTED WITH PREJUDICE,** given that Plaintiffs have had multiple opportunities to state a claim and have failed to do so. See 5650 N Miami Ave LLC v. Scottsdale Ins. Co., No. 20-CV-21702, 2020 WL 3839809, at *2 (S.D. Fla. 2020) ("The Plaintiff has had multiple opportunities to state a claim and has failed to do so. The Court therefore dismisses the complaint with prejudice and without leave to amend."); see also Order Adopting Magistrate Judge's Report and Recommendation [D.E. 47 at 4–5] (granting Plaintiffs "one final opportunity to cure the deficiencies in their Amended Complaint . . . .").

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 12th day of February, 2021.

                                                       ALICIA M. OTAZO-REYES
                                                       UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
        Pamela and Stuart Kessler, *pro se*
        Counsel of Record